Per Curiam.

Plaintiff, an attorney, brings this action to recover for his services under a retainer agreement that was contingent in nature, affording him the right to receive a certain percentage of any cash settlement of litigation in which he was about to engage for his client and a deed of a one-third interest in the event of a property settlement. In the event of a settlement before the commencement of trial, he was to receive $5,000 plus expenses. It appears that on January 18, 1943, the litigation was settled after the cases had been called for trial and after counsel had made their opening addresses to the trial court. A written agreement of settlement was executed on January 26, 1943. Both actions then pending were in equity, one being for foreclosure of a mortgage on real property in which the attorney’s clients were defendants and the other one being an action to set aside the mortgage and obtain a reconveyance of the property wherein his clients were the plaintiffs. The settlement provided in substance, that the foreclosure action might proceed to judgment and sale but that the clients would have an option to redeem by payment of the sum of $40,000 on or before June 15,1943. The proof established that the clients did not redeem within the option period but in April, 1944, one of them arranged with the mortgagee to pay $37,500 for a reconveyance of the property. The present action was not commenced until February 19, 1949.
The trial court held that the former actions were settled before the trials thereof were commenced. We do not agree with this finding of fact and find to the contrary that the prior litigation was settled after the trial thereof was commenced. The trial court further found as a fact that the reconveyance of the real property did not come about as a result of the attorney’s efforts but under circumstances indicating that it was entirely independent of the option procured by plaintiff. It was negotiated and completed, after the option had expired, for a new price, and because the owner, after, having a new appraisal of the property made, determined that it would be a good business deal for him to reconvey it. Though there was some evidence that plaintiff continued his efforts after the expiration of the option and tried to get a loan to finance the reconveyance, the evidence as a whole warranted the trial court’s findings in defendants’ favor on this branch of the case.
*351 Plaintiff sued for a conveyance of one third of the real estate. He was not entitled to such relief. Nor was he entitled to recover the $5,000 cash mentioned in the retainer because trial had been commenced and for the further reason that any such claim would be barred by the Statute of Limitations.
Findings should be modified in accordance with this opinion, and judgment affirmed, with costs.
Peck, P. J., Glennon, Callahan, Van Voobhis and Shientag, JJ., concur.
Findings unanimously modified in accordance with the opinion herein and judgment affirmed, with costs. Settle order on notice. [See post, p. 1067.]